IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CRAIG CUNNINGHAM, individually and on behalf of others similarly situated,<br>    *Plaintiff*,<br><br>vs.<br><br>PEOPLES BANK AND TRUST COMPANY,<br>    *Defendant*. | CIVIL ACTION NO. 5:17-CV-00237-HE |

## THIRD-PARTY DEFENDANT LAYTON FINANCIAL INC.'S THIRD-PARTY COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant and third-party plaintiff Layton Financial, Inc. d/b/a Reverse Live Transfers, hereinafter Layton Financial, by and through its attorneys of record, Christopher D. Smith and Roe T. Simmons, of Smith Simmons, PLLC, brings this third-party complaint against third-party defendant Alexander Jorden an individual located in New York, and Inspire Center Solutions, a New York company. In support, third-party plaintiff Layton Financial alleges:

### PARTIES

1. Defendant and third-party Plaintiff Layton Financial is, and all times material hereto was, a Texas corporation. Layton Financial has been previously served and made appearance in this matter as third-party defendant by and through its counsel of record.

2. Plaintiff Craig Cunningham is, and all times material hereto was, a resident of Tennessee.

1

3. Defendant and Third-Party Plaintiff Peoples Bank, is and all times material hereto was, an Oklahoma corporation. Peoples Bank has been previously served and made appearance in this matter by and through its counsel of record.

4. Third-Party Defendant Inspire Center Solutions is believed and understood to be a business domiciled in the state of New York, and doing business in various states.

5. Alexander Jorden is an individual resident of the state of New York.

## JURISDICTION & VENUE

6. This Court has supplemental jurisdiction over Layton Financial's Third-Party Complaint pursuant to 28 U.S.C. § 1367(a). The Court has original jurisdiction over Plaintiff's Original Class Action Complaint pursuant to 28 U.S.C. § 1331 and the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. 227, and Layton Financials claims are so related to claims asserted by Plaintiff that they form part of the same case or controversy.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) because People's Bank is a resident of this district.

## FACTUAL ALLEGATIONS

8. On March 3, 2017, Plaintiff Craig Cunningham ("Plaintiff") filed, individually and on behalf of others similarly situated, his Class Action Complaint against Peoples Bank in which he alleges violations of the TCPA. Peoples Bank has denied all liability to Plaintiff.

9. Peoples Bank is an FDIC member bank and offers, among other products and services, reverse mortgage loan products to its customers.

10. In 2016, Peoples Bank entered a contractual agreement with Layton Financial d/b/a "Reverse Live Transfers" to purchase leads for potential customers of reverse mortgage loan products.

11. Reverse Live Transfers is an intermediary marketing agency providing lead generation services to clients.

12. Reverse Live Transfers does not place calls to consumers, nor does it identify prospective leads, but outsources said activities to a third-party.

13. In 2016, Reverse Live Transfers entered into a contractual agreement with Inspire Center Solutions, through Alexander Jorden, to purchase leads that were generated by or at the direction of Alexander Jorden.

14. Inspire Center Solutions, and Alexander Jorden, at all times represented that all leads generated by Inspire Center Solutions were compliant with state and federal law, including TCPA and the Do-Not-Call Registry ("DNC"), and were "double verified."

15. Inspire Center Solutions, and Alexander Jorden, owed a duty to Layton Financial to establish, administer, and maintain its lead generation and/or verification services in strict accordance with all applicable laws, including the TCPA.

16. While Layton Financial denies Plaintiff's claims, and denies those claims of Third-Party Plaintiff Peoples Bank, if proven, some or all of these claims would be the fault or responsibility of Inspire Center Solutions and Alexander Jorden. If Plaintiff and/or the proposed class members recover damages against Peoples Bank as a result of any act or omission by Layton Financial, and if Peoples Bank receives contribution from

Layton Financial as a result of said recovery, then Layton Financial would have statutory and/or common law rights of contribution from Alexander Jorden and Inspire Center Solutions.  Furthermore, such acts or omissions, if proven, would constitute a breach of Inspire Center Solutions and Alexander Jorden's contract with Layton Financial.

## CAUSES OF ACTION

### First Cause of Action
### (Contribution Against Third-Party Defendant)

17.    Layton Financial repeats and re-alleges the allegations of the preceding paragraphs of this Third-Party Complaint as though fully set forth herein.

18.    While Layton Financial continues to deny that it is responsible for any alleged damages claimed by Plaintiff in this matter, in the unlikely event Layton Financial is found liable for any part of the damages asserted by Plaintiff and/or proposed class members, Layton Financial is entitled to judgment over and against Inspire Center Solutions and/or Alexander Jorden for all or party of Plaintiff's claims against Layton Financial.

19.    Layton Financial seeks contribution from Inspire Center Solutions and/or Alexander Jorden to recover any monies for which Layton Financial may be found liable pursuant to the TCPA, all costs of this action, and attorneys' fees incurred in defense against Plaintiff's claims allowed by applicable law.

### Second Cause of Action
### (Breach of Contract)

20.    Layton Financial repeats and re-alleges the allegations of the preceding paragraphs of this Third-Party Complaint as though fully set forth herein.

21. Layton Financial contracted with Inspire Center Solutions to provide leads for potential consumers of reverse mortgage loan products. Plaintiff and Third-Party Plaintiff's allegations relate directly to Inspire Center Solutions services under its agreement with Layton Financial. While Layton Financial continues to deny that it is responsible for any alleged damages claimed by Plaintiff in this matter, in the unlikely event Layton Financial is found liable to Plaintiff or Third-Party Plaintiff for any part of the damages asserted by Plaintiff and/or proposed class members or Plaintiff's and Third-Party Plaintiff's allegations related to any services provided by Inspire Center Solutions and/or Alexander Jorden are deemed true, Inspire Center Solutions and/or Alexander Jorden will have breached its agreement with Layton Financial. As a direct and proximate result of Inspire Center Solutions and/or Alexander Jorden's breach, Layton Financial has suffered damages including from the attorneys' fees and costs incurred to defend against Plaintiff and Third-Party Plaintiff's claims and any such additional damages if Plaintiff successfully prosecutes his action.

22. Layton Financial seeks to recover from Inspire Center Solutions and/or Alexander Jorden any monies for which Layton Financial may be found liable pursuant to the TCPA due to the Reverse Live Transfers acts or omissions, all costs of this action, and attorneys' fees incurred in defense against Plaintiff's and Third-Party Plaintiff's claims as allowed by applicable law.

**Third Cause of Action**
**(Breach of Warranty)**

23.     Layton Financial repeats and re-alleges the allegations of the preceding paragraphs of this Third-Party Complaint as though fully set forth herein.

24.     Inspire Center Solutions breached its express warranty to Layton Financial. Specifically, Inspire Center Solutions expressly warranted its services to Layton Financial as TCPA compliant based upon the fact that ever lead is absolutely generated via opted in data obtained from the marketing campaign of Inspire Center Solutions.

25.     Furthermore, Alexander Jorden represented to Layton Financial that the leads in question were compliant with state and federal law.

26.     The breach of such express warranty has proximately caused damages to Layton Financial. Layton Financial seeks to recover from Inspire Center Solutions and Alexander Jorden any monies for which Layton Financial may be found liable to pursuant to the TCPA due to Inspire Center Solutions' acts or omissions, all costs of this action, and attorneys' fees incurred in defense against Plaintiff's claims as allowed by applicable law.

## INTEREST

27.     Layton Financial is entitled to pre-judgment and post-judgment interest on its recovery against Third-Party Defendants Inspire Center Solutions and Alexander Jorden at the highest lawful rate.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Layton Financial requests that this Honorable Court enter judgment in favor of Layton Financial and against Third-Party

Defendants Inspire Center Solutions and/or Alexander Jorden and providing the following relief:

1. Compensatory and consequential damages based on damages proven and recovered by Plaintiff and any proposed class member, if any, in an amount to be proven at trial;

2. The amount paid or incurred by Layton Financial in good-faith settlement of any of the claims brought against it in this case;

3. Attorneys' fees, costs, and other related expenses incurred by Layton Financial:

    a. In defense or settling the claims brought against it in this action; and
    b. In pursuing this Third-Party action;

4. Pre-judgment and post-judgment interest at the highest lawful rates; and

5. Such other and further relief which the Court may deem just and proper under the circumstances.

    Respectfully submitted,

    */s/ Christopher D. Smith*_____
    Christopher D. Smith, OBA No. 20333
    Roe T. Simmons, OBA No. 19573
    **SMITH SIMMONS, PLLC**
    252 NW 70th Street
    Oklahoma City, OK 73116
    Tel (405) 843-1000
    Fax (405) 843-1005
    Email: chris@smithsimmons.com

    **ATTORNEYS FOR DEFENDANT LAYTON FINANCIAL d/b/a REVERSE LIVE TRANSFERS, INC.**

## CERTIFICATE OF SERVICE

I, Christopher D. Smith, hereby certify that on this 28th day of July 2017, I electronically transmitted the attached document to the Court Clerk using the electronic filing system. Based on the records on file a notice and a copy of the foregoing will be sent:

Michael J. Craddock, OBA # 11798
**CRADDOCK DAVIS & KRAUSE LLP**
3100 Monticello Avenue, Suite 550
Dallas, Texas 75205-3466
mcraddock@cdklawfirm.com

Michael G. McAtee
Maurice Woods
McAtee & Woods, PC
410 NW 13th Street
Oklahoma City, OK 73103
mikem@mcateeandwoods.com
mauricew@mcateeandwoods.com

David Humphreys, OBA #12346
Luke J. Wallace, OBA #16070
Paul Catalano
**Humphreys Wallace Humphreys, P.C.**
9202 South Toledo Ave.
Tulsa, OK 74137
david@hwh-law.com
luke@hwh-law.com
paul@hwh-law.com

Anthony I. Paronich, *Pro Hac Vice*
Edward A. Broderick, *Pro Hac Vice*
**Broderick & Paronich, P.C.**
99 High Street, Ste 304
Boston, MA 02110
anthony@broderick-law.com
ted@brocerick-law.com

Matthew P. McCue, *Pro Hac Vice*
**Law Office of Matthew P. McCue**
1 South Ave., 3rd Floor
Natick, MA 01760

508-655-1415
508-319-3077 (Fax)
mmccue@massattorneys.net

                                                */s/ Christopher D. Smith*_____
                                                Christopher D. Smith, OBA No. 20333

      **FURTHER,** I hereby certify that on July 28, 2017, I served the document by U.S. Postal System on the following, who are not registered participants of the ECF System:

None

                                                */s/ Christopher D. Smith*_____
                                                Christopher D. Smith, OBA No. 20333